IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS COX,

    **Plaintiff,**

    v.                                          CASE NO. 23-3167-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On July 11, 2023, the Court entered a Notice of Deficiency (Doc. 2–1) ordering Plaintiff to either pay the civil action filing fee or file a motion for leave to proceed in forma pauperis. The deadline for Plaintiff to comply was August 10, 2023. The order provided that if Plaintiff fails to comply by the deadline "this action may be dismissed without further notice for failure to comply with this court order." *Id*. at 1. Plaintiff failed to either pay the filing fee or file a motion for leave to proceed in forma pauperis by the deadline. On August 14, 2023, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with the Court order. (Docs. 4, 5.)

On August 23, 2023, Plaintiff filed a motion for reconsideration (Doc. 6). On August 30, 2023, the Court entered an Order (Doc. 7) granting the motion and reopening this case. The Order granted Plaintiff until September 13, 2023, in which to either pay the filing fee or submit a motion for leave to proceed in forma pauperis.

Plaintiff filed this case on July 11, 2023. To date, Plaintiff has not submitted the filing fee or a motion for leave to proceed in forma pauperis. Under 28 U.S.C. § 1914(a), "the plaintiff

must ordinarily prepay the filing fee" unless he or she is granted leave to proceed in forma pauperis. *Hoffmeister v. United Student Aid Funds, Inc.*, 818 F. App'x 802, 805 (10th Cir. 2020) (unpublished); *see also* 28 U.S.C. § 1914(a) ("The clerk of each district court *shall* require the parties instituting any civil action . . . in such court . . . to pay a filing fee . . . ." (emphasis added)).

Plaintiff alleges in his Complaint that "El Dorado" has him as a possible sureno or sureno affiliate and put Plaintiff out on their yard twice after all the surenos were removed due to the danger they found. (Doc. 1, at 2.) Plaintiff alleges he was attacked both times and weapons were used against him. *Id*. Plaintiff alleges a failure to protect him.

Plaintiff alleges that on January 17, 2023, he read EAI agent Sissell's affidavit provided in Case No. 22-3154. *Id*. at 3. Plaintiff alleges that the affidavit states that Plaintiff is a suspected sureno. *Id*. Plaintiff claims that prior to Plaintiff being released to general population on May 20, 2020, all the surenos were removed from general population at EDCF because they were being attacked by VLB's gang. *Id*. at 3–4. Plaintiff claims that although he is not a sureno, Sissell must have had information that Plaintiff was a sureno. *Id*. at 4. Plaintiff claims someone was spreading a rumor that Plaintiff was a sureno. *Id*. Plaintiff claims that letting Plaintiff out on the yard knowing what they knew, failed to protect him and deliberately put him in harm's way. *Id*. Plaintiff alleges that he was attacked on May 20, 2020, and August 3, 2021. *Id*.

Plaintiff names Jeff Zmuda, the Secretary of Corrections, and Jeff Butler, former EDCF Warden, as defendants. Plaintiff seeks compensatory and punitive damages "or a full good time restored." *Id*. at 6.

Plaintiff has raised similar claims in Case No. 22-3154. In that case, the Court ordered a *Martinez* Report which provided that Plaintiff was sent back to the RHU on Holdover Status

after he was attacked on May 20, 2020, and he was released again to general population on August 3, 2021, "at his and his family's request after signing a Protective Custody Waiver" and he was placed back in the RHU after he was attacked on that date. *Cox v. Zmuda*, Case No. 22-3154, Doc. 41, at 2 (D. Kan.). The Report shows that after both incidents, Plaintiff was immediately placed back into the RHU. *Id*. at Doc. 42, at 2.

Plaintiff's Complaint in this case fails to allege any personal participation by Defendant Zmuda or Defendant Butler. Plaintiff fails to mention either defendant in the body of his Complaint. Plaintiff fails to allege how they personally participated in the deprivation of his constitutional rights, and appears to rely on their supervisory status. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to

include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability).  An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).  Plaintiff fails to state a claim against the two named defendants.

Defendants Zmuda and Butler are also named defendants in Case No. 22-3154, which involves similar claims.  Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."  Fed. R. Civ. P. 18(a).  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc*., 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted).  The Court of Appeals for the Seventh Circuit held in *George v. Smith* that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against

different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Although Plaintiff's current Complaint fails to state a claim against either of the named defendants, the Court will dismiss this matter without prejudice for failure to pay the required filing fee or to file a motion for leave to proceed in forma pauperis by the Court's deadline. The Court's Order provides that "[i]f Plaintiff fails to respond by the Court's new deadline, the Court will dismiss this matter without prejudice and without further prior notice to Plaintiff." (Doc. 7, at 2.) Plaintiff has failed to comply with the Court's Order setting a deadline to either pay the filing fee or file a motion for leave to proceed in forma pauperis.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

Plaintiff has failed to either pay the filing fee or to file a motion for leave to proceed in forma pauperis by the deadline set forth in the Court's Order.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

**Dated September 15, 2023, in Kansas City, Kansas.**

                                        **S/ John W. Lungstrum**
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**