IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NICHOLAS COX,

    **Plaintiff,**

    v.                                                        CASE NO. 23-3167-JWL

JEFF ZMUDA, et al.,

    **Defendants.**

### MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). This matter is before the Court on Plaintiff's Motion to Recuse (Doc. 21) and Motion for Clarification (Doc. 22).

In his motion for clarification, Plaintiff asks the Court whether or not it has received the $402.00 check withdrawn from his account on October 25, 2023. (Doc. 22, at 1.) The Court has not received the check yet. However, the Court reached out to the facility and was informed that the person responsible for writing the checks has been ill and that the check would be written today. The Court will grant an extension of time if the check is not received by the current November 13, 2023 deadline for submitting the filing fee. Plaintiff also states that if this case is not reopened, he plans to appeal. However, this case was reopened on October 26, 2023. (Doc. 19.)

Plaintiff has also filed a Motion to Recuse. Plaintiff claims that he has been denied court access because the KDOC did not give Plaintiff a copy of the Court's final judgment when this case was dismissed and closed. (Doc. 21, at 1.) Plaintiff states that the notice states that he refused to accept the document. *Id*. Plaintiff also sets forth that he has attempted multiple times to pay the filing fee in this case and that "the Court is rejecting this for no reason[]." *Id*. at 2.

Plaintiff then suggests that the Court has a "good ole boy system . . . with KDOC" and that he needs a "judge who is impartial and not a KDOC foot soldier." *Id*.  Plaintiff also indicates that he does not feel safe at EDCF.  *Id*.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455.  *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005).  For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice.  *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)).  The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances."  *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).  These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*.  Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party."  28 U.S.C. § 455(a) and (b)(1).  Section (b)(1) is subjective and contains the "extrajudicial source" limitation.  *See Liteky v. United States*, 510 U.S. 540 (1994).  Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings."  *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55).  Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible."  *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective.  *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v.*

*Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue." *Id*. (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no

legitimate reason to recuse.  *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351.  Courts must exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay.  *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky*, 510 U.S. at 555.  When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Id*.

First, Plaintiff takes issue with EDCF returning the Court's September 15, 2023 Memorandum and Order and Judgment (Docs. 8, 9) with a notation stating that it was being returned to sender/resident refused.  The Court had nothing to with EDCF's return of the document as undeliverable.  However, the Court will direct the Clerk to provide Plaintiff with another copy of the documents.

Next, Plaintiff takes issues with his attempts to pay the filing fee in this case.  The Court is sympathetic to Plaintiff's frustrations with the delay in receiving the filing fees and has reopened this case twice.  The undersigned is not involved with the timing of payments made by KDOC and likewise was not involved with the return of the checks that were submitted in an incorrect amount.  The Court, however, directed the Clerk to reach out to EDCF to determine the status of Plaintiff's payment that was deducted from his account on October 25, 2023.  The Clerk was advised that the check would be written today and submitted to the Court.  The Court will

grant Plaintiff an extension of time if the Court has not received the payment by the November 13, 2023 deadline.

Plaintiff's suggestion that the undersigned, or any other judge sitting on this Court, has a "good old boy" relationship with the KDOC is without merit. Plaintiff's frustration with not receiving mail from the Court and with having to resubmit his filing fee are understandable, but are not a valid basis for recusal.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Clarification (Doc. 22) is **granted** to the extent that the Court has provided clarification in this Memorandum and Order.

**IT IS FURTHER ORDERED THAT** Plaintiff's Motion to Recuse (Doc. 21) is **denied.**

**IT IS FURTHER ORDERED THAT** the Clerk is directed to provide Plaintiff with a copy of Doc. 8 and Doc. 9.

**IT IS SO ORDERED**.

**Dated October 31, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**