**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

NICHOLAS COX,

      Plaintiff,

      v.                                  CASE NO.  23-3167-JWL

JEFF ZMUDA, et al.,

      Defendants.

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Nicholas Cox is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Amended Complaint that are discussed herein.  Plaintiff is also given the opportunity to file a second amended complaint to cure the deficiencies.

**1.  Nature of the Matter before the Court**

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF").  Plaintiff has paid the filing fee. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 20).

Plaintiff alleges in his Amended Complaint that "El Dorado" has him as a possible Sureno or Sureno affiliate and put Plaintiff out on their yard twice after all the Surenos were removed due to the danger they faced.  (Doc. 20, at 2.)  Plaintiff alleges he was attacked both times and weapons were used against him causing injuries.  *Id*.  Plaintiff alleges a failure to protect him.

Plaintiff alleges that on or around January 17, 2023, he read EAI Agent Sissell's affidavit provided in Case No. 22-3154.  *Id*. at 4.  Plaintiff alleges that the affidavit states that Plaintiff is a suspected Sureno.  *Id*.  Plaintiff claims that prior to Plaintiff being released to general population on May 20, 2020, all the Surenos were removed from general population at EDCF because they were being attacked by VLB's gang.  *Id*. at 4–5.  Plaintiff claims that although he is not a Sureno, nor has he ever been one, Sissell had information "from one of his many sources" that Plaintiff was a Sureno.  *Id*. at 5.  Plaintiff claims that he later found out that the leader of the VLBs was spreading a rumor that Plaintiff was a Sureno, "which Sissell must've heard."  *Id*. Plaintiff claims that El Dorado removed all the Surenos from their yard, and therefore letting Plaintiff out on the yard knowing what they knew, failed to protect him and deliberately put him in harm's way.  *Id*.  Plaintiff alleges that he was attacked on May 20, 2020, and August 3, 2021. *Id*.

 Plaintiff claims he was never notified that he was a suspected Sureno.  *Id*.  Plaintiff claims that when he told Sissell that Plaintiff did not know why he was attacked on May 20, 2020, Sissell told Plaintiff he would find out but "never came and told [Plaintiff] why."  *Id*.

Plaintiff claims that it was "gross negligence" to not move Plaintiff to another facility after the first attack.  *Id*.  Plaintiff claims that Warden Butler "or his designee" had to sign off on Plaintiff's release from segregation to general population.  *Id*.  Plaintiff claims that Secretary Zmuda "was charged with releasing me into population in El Dorado at the time of the above facts."  *Id*.

Plaintiff names as defendants:  Jeff Zmuda, the Secretary of Corrections; Jeff Butler, former EDCF Warden; and Brett Sissell, Special Agent in Enforcement, Apprehension and

Investigations Unit at EDCF.  Plaintiff seeks compensatory and punitive damages "or a full good time restoral."  *Id*. at 7.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true.  *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

### 1.  Personal Participation

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) ("But § 1983 imposes liability for a defendant's own actions—personal participation in the specific constitutional violation complained of is essential.") (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.") (citation omitted)); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) ("In order for liability to arise under § 1983, a defendant's *direct personal responsibility* for the claimed deprivation . . . must be established.") (emphasis added) (citation omitted)).

Plaintiff claims that Warden Butler "or his designee" had to sign off on Plaintiff's release from segregation to general population and that Secretary Zmuda "was charged with releasing me into population in El Dorado at the time of the above facts."  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983

liability).   An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).   A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation."  *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011).  "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949).

Plaintiff's conclusory allegations fail to state sufficient personal participation by Defendants Butler and Zmuda.  Plaintiff should show good cause why his claims against these two defendants should not be dismissed.

### 2. Failure to Protect

"[P]rison officials have a duty to 'provide humane conditions of confinement,' including 'tak[ing] reasonable measures to guarantee the safety of . . . inmates.'"  *Hooks v. Atoki*, 983 F.3d 1193, 1205 (10th Cir. 2020) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1214 (10th Cir. 2018) (alteration and omission in original) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). "This duty includes 'a duty to protect prisoners from violence at the hands of other prisoners.'" *Id*.  (quoting *Farmer*, 511 U.S. at 833).

A claim of deliberate indifference requires a plaintiff to allege "that an official acted (or failed to act) in an objectively unreasonable manner and with subjective awareness of the risk." *Strain v. Regalado*, 977 F.3d 984, 987 (10th Cir. 2020) (noting that "the word deliberate makes a

subjective component inherent in the claim"). "[A]n official's intent matters not only as to what the official did (or failed to do), but also why the official did it." *Hooks*, 983 F.3d at 1204 (citing *Strain*, 977 F.3d at 992). Plaintiff must establish that the "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Strain*, 977 F.3d at 990 (citations and alteration omitted).

Plaintiff alleges that Defendant Sissell had information "from one of his many sources" that Plaintiff was a Sureno and that Plaintiff found out later that the leader of the VLBs was spreading a rumor that Plaintiff was a Sureno, "which Sissell must've heard." Plaintiff claims he was unaware that he was a suspected Sureno until he read the affidavit in Case No. 22-3154. However, the May 20, 2020 Administrative Segregation Report states that the "attack is possibl[y] related to STG issues that puts offender at risk." *Cox v. Zmuda*, Case No. 22-3154, Doc. 41, at 10 (D. Kan.).

Plaintiff indicates that after the May 2020 attack, Sissell stated he would find out why Plaintiff was attacked. Even if Plaintiff could show that Sissell knew of a substantial risk after the first attack, a prison official may be found free from liability if they responded reasonably to the risk. *See Hooks*, 983 F.3d at 1205 (citing *Farmer*, 511 U.S. at 844 (explaining that "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted")). "[P]rison officials who act reasonably cannot be found liable." *Id.* (citing *Farmer*, 511 U.S. at 845). To prevail, a plaintiff must demonstrate that the prison official "responded unreasonably to the attack." *Id.* (citing *Farmer*, 511 U.S. at 844).

Plaintiff has failed to show that prison officials acted unreasonably in response to his attacks. Plaintiff raised similar claims in Case No. 22-3154.  In that case, the Court ordered a *Martinez* Report which provided that Plaintiff was sent back to the RHU on Holdover Status after he was attacked on May 20, 2020, and he was released again to general population on August 3, 2021, "at his and his family's request after signing a Protective Custody Waiver" and he was placed back in the RHU after he was attacked on that date.  *Cox v. Zmuda*, Case No. 22-3154, Doc. 41, at 2 (D. Kan.).  The Report shows that after both incidents, Plaintiff was immediately placed back into the RHU.  *Id*. at Doc. 42, at 2.  Plaintiff should show good cause why his failure to protect claim should not be dismissed for failure to state a claim.

### 3.  Request for Good Time Credit

Plaintiff's request for relief seeks compensatory and punitive damages "or a full good time restoral." (Doc. 20, at 7.)  Challenges to prison disciplinary proceedings must be raised in a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  *Abdulhaseeb v. Ward*, 173 F. App'x 658, 659 n.1 (10th Cir. 2006) (citing *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petitions under § 2241 are used to attack the execution of a sentence, including the deprivation of good-time credits and other prison disciplinary matters); *Brown v. Smith*, 828 F.2d 1493, 1495 (10th Cir. 1987) ("If [the petitioner] can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits."); *see also Gamble v. Calbone*, 375 F.3d 1021 (10th Cir. 2004) (inmates were entitled to habeas relief on grounds that revocation of their earned credits resulting from unsupported disciplinary convictions violated due process), *superseded by statute on other grounds as stated in Magar v. Parker*, 490 F.3d 816, 818–19 (10th Cir. 2007).  Plaintiff may not challenge prison disciplinary actions and the loss of good

time in this civil rights action, but may only do so by filing a petition for writ of habeas corpus.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Amended Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper second amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper second amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file a second amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Amended Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **December 18, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Amended Complaint should not be dismissed for the reasons stated herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (23-3167-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 18, 2023,** in which to file a complete and proper second amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 17, 2023, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**